IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK EUGENE MALLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-04-1948 |
| | § | |
| DOUG DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER GRANTING
RESPONDENT'S  MOTION FOR SUMMARY JUDGMENT**

Pending in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254 is Respondent's Motion for Summary Judgment (Document No. 20) against Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1).  Having considered Respondent's Motion for Summary Judgment, Petitioner's Traverse and Affidavit (Document Nos. 22 & 25), the claims raised by Petitioner in his Federal Application for Writ of Habeas Corpus, the state court records, and the applicable law, the Court[1] ORDERS, for the reasons set forth below, that Respondent's Motion for Summary Judgment (Document No. 20) is GRANTED, Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) is DENIED, and this § 2254 proceeding is DISMISSED with prejudice.

---

[1] On April 15, 2005, pursuant to the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings.  *See* Document No. 26.

I.      **Introduction and Procedural History**

Patrick Eugene Malley ("Malley") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, as a result of a felony driving while intoxicated conviction.  Malley was charged by Indictment on November 1, 2001, with felony driving while intoxicated in the 179th District Court of Harris County, Texas, Cause No. 888765.  The Indictment also alleged, for enhancement purposes, two prior felony convictions.  On February 15, 2002, Malley pled guilty to the felony driving while intoxicated offense, pled true to the enhancement paragraphs in the Indictment, and was sentenced, consistent with the State's agreed recommendation, to twenty-five years incarceration.

On February 15, 2002, Malley filed a general Notice of Appeal, which he amended on May 14, 2002.  On May 16, 2002, Texas' First Court of Appeals dismissed the appeal for lack of jurisdiction.  *Malley v. State*, No. 01-02-00263-CR.  Malley's motion for rehearing was denied on July 3, 2002.  Malley's subsequent petition for discretionary review was likewise refused on October 30, 2002.  Malley then, on March 17, 2003, filed his first state application for writ of habeas corpus.  That application was denied by the Texas Court of Criminal Appeals without written order on July 30, 2003.  *Ex Parte Malley*, Application No. 14,150-08.  Malley's second state application for writ of habeas corpus, filed by Malley on August 22, 2003, was dismissed as abuse of the writ on April 7, 2004.  *Ex Parte Malley*, Application No. 14,150-09.  This § 2254 proceeding, filed by Malley on or about May 12, 2004, the date Malley verified that he placed the application in the prison mail system for filing, followed.

Respondent has filed a Motion for Summary Judgment (Document No. 20), to which Malley has filed a Traverse and an Affidavit in response (Document Nos. 22 & 25). This § 2254 proceeding is ripe for ruling.

**II.**   **Claims**

In his § 2254 application, Malley sets forth the following eight claims:

1.    that he was denied his right to appeal when the Texas Court of Appeals improperly dismissed his appeal for want of jurisdiction;

2.    that the trial court lacked jurisdiction over the felony driving while intoxicated offense because one of the two prior driving while intoxicated offenses alleged in the indictment was too remote;

3.    that there was no evidence that he committed two prior driving while intoxicated offenses within ten years of the instant offense, and no evidence that he was convicted of two prior felonies for purposes of the habitual offender enhancement that was assessed;

4.    that the State breached its agreement to allow him to appeal the jurisdictional issues, thereby rendering his guilty plea unknowing and involuntary;

5.    that his trial attorney, W. Stacey Mooring, labored under a conflict of interest;

6.    that he is actually innocent of the felony driving while intoxicated offense;

7.    that his trial counsel, W. Stacy Mooring, was ineffective for: (a) failing to file a proper and timely notice of appeal; (b) withholding conflict of interest information; (c) failing to make scheduled court appearances; and (d) misrepresenting the admonishments that were given in connection with his guilty plea; and

8.    that his appellate counsel, Clyde Williams, was ineffective for: (a) failing to file a motion for new trial; and (b) filing an improper and untimely amended notice of appeal.

3

Respondent argues in the Motion for Summary Judgment that Malley has not exhausted his state law remedies with respect to claims 5, 6 and certain allegations made in support of claim 7, and that such claims are both unexhausted and procedurally barred.  As for the remaining claims, Respondent argues that Malley is not entitled to any relief on his claims under § 2254(d) because the Texas Court of Criminal Appeals' rejection of his claims was not contrary to or an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

## III.   Standard of Review

### A.   Exhaustion/Procedural Bar

In order to exhaust state law remedies, Texas prisoners must fairly present their claims to the highest state court, the Texas Court of Criminal Appeals, TEX. CODE CRIM. PROC. ANN. art. 44.45, through a petition for discretionary review and/or a state application for writ of habeas corpus.  TEX. R. APP. P. 68; TEX. CODE CRIM. PROC. ANN. art. 11.07, et seq.  "'It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.'"  *Ex Parte Wilder*, 274 F.3d 255, 259-260 (5th Cir. 2001) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  Rather, the petitioner must have presented the highest state court with the same claim, the same factual basis for the claim, and the same legal theory in order to meet the exhaustion requirement.  *Id.*  "[F]leeting reference to the federal constitution", especially when such reference is not accompanied by any federal case law authority, generally does not suffice to "alert and afford a state court the opportunity to address an alleged violation of federal rights", and

4

that "vague references to such expansive concepts as due process and fair trial" in a state court proceeding will not satisfy the exhaustion requirement.  *Id.* at 260.

When unexhausted claims are contained in a § 2254 application, and when such claims, if the petitioner tried to exhaust them in state court, "would be barred by the abuse-of-the-writ doctrine of Article 11.071 of the Texas Code of Criminal Procedure", the claims should be dismissed with prejudice as procedurally barred.  *Horsley v. Johnson*, 197 F.3d 134, 137 (5th Cir. 1999); *see also Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) ("A procedural default also occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'"), *cert. denied*, 523 U.S. 1139 (1998).  Only when the petitioner makes a colorable showing that his unexhausted claims would be considered on the merits by the state courts if he attempted to exhaust them, should the claims be dismissed without prejudice.  *Horsley,* 197 F.3d at 136-137.

### B.    State Law Procedural Bar

Federal courts are precluded from considering claims which were rejected by the last state court to have considered them on the basis of a state procedural default. *Coleman v. Thompson*, 501 U.S. 722, 730 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989).  In order for a state court's rejection of a habeas claim to act as a procedural bar to review in a federal habeas proceeding, the state court must, in a plain statement, determine that its rejection of the claim rests on adequate and independent state procedural grounds. *Harris*, 489 U.S. at 261; *Michigan v. Long*, 463 U.S. 1032, 1042 (1983).  Once a state court has relied on a procedural default for rejecting a habeas claim, a federal court in a federal habeas proceeding cannot review such a claim unless the petitioner shows

5

cause and prejudice associated with the default or shows that absent a review of the claim by a federal court a fundamental miscarriage of justice will result. *Coleman*, 501 U.S. at 750.  A fundamental miscarriage of justice occurs when a "'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Sawyer v. Whitley*, 945 F.2d 812, 816 (5th Cir.) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)), *cert. granted*, 502 U.S. 965 (1991), *and aff'd*, 505 U.S. 333 (1992).

**C.      § 2254(d)**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a claim presented in a federal habeas corpus proceeding has already been adjudicated on the merits in a state proceeding, federal review is limited.  28 U.S.C. § 2254(d) provides:

> (d)  An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"[A] decision by a state court is 'contrary to' [the United States Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent.'" *Price v. Vincent*, 538 U.S. 634, 123 S. Ct. 1848, 1853 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-406

(2000)).  A state court decision involves an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.  But "'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner.'" *Price*, 538 U.S. at 641 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25, 123 S. Ct. 357 (2002)).

As for factual issues, "the AEDPA precludes federal habeas relief unless the state court's decision on the merits was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 28 U.S.C. § 2254(d)(2) (2000).  In addition, the state court's factual determinations carry a presumption of correctness; to rebut them, the petitioner must present clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1) (2000)." *Smith v. Cockrell*, 311 F.3d 661, 667 (5th Cir. 2002), *cert. granted in part,* 124 S.Ct. 46 (2003).

Of utmost significance under § 2254(d) is the principle that once a federal constitutional claim has been adjudicated by a state court, a federal court cannot conduct an independent review of that claim in a federal habeas corpus proceeding.  Rather, it is for the federal court only to determine whether the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, and whether the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Whether a federal habeas court would have, or could have, reached a conclusion contrary to that reached by the state court on an issue is not determinative.  In

addition, the correctness of the state court's decision is not determinative. As instructed by the Supreme Court in *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 2535 (2003), "[i]n order for a federal court to find a state court's application of our precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. . . . The state court's application must have been 'objectively unreasonable.'" (citations omitted).

## IV.   Discussion

### A.   Exhaustion and Procedural Bars

Respondent's argument that claims 5 and 6 are unexhausted is refuted by the state court records. Malley filed two state applications for writ of habeas corpus challenging the instant conviction. In the first application, *Ex Parte Malley*, Application No. 14,150-08, Malley alleged that the trial court lacked jurisdiction; that there was no evidence to support the felony driving while intoxicated offense and no evidence to support the habitual offender enhancement; that his trial counsel, W. Stacey Mooring, was ineffective for failing to meaningfully challenge the enhancements alleged in the indictment, for failing to file a proper Notice of Appeal, and for misrepresenting the guilty plea admonishments; that his substitute appellate counsel, Clyde Williams, was ineffective for failing to file a motion for new trial and failing to file a proper and timely amended notice of appeal; and that the State failed to fulfill the terms of the plea agreement resulting in an involuntary guilty plea. In his second state application for writ of habeas corpus, *Ex Parte Malley*, Application No. 14,150-09, Malley alleged that W. Stacy Mooring had a conflict of interest, that he was denied his right to appeal by virtue of the Court of Appeals' erroneous dismissal of his appeal, and that he was actually innocent of the felony driving while intoxicated offense. Claims 5 and 6, which are

8

encompassed in the claims Malley raised in his second state application for writ of habeas corpus, have been exhausted.

In contrast, Malley's allegations that his trial counsel, W. Stacey Mooring, was ineffective for withholding conflict of interest information and for failing to make scheduled court appearances, are ineffectiveness allegations that are not contained in either of the two state applications for writ of habeas corpus that Malley filed.  Such ineffectiveness allegations (claims 7(b) and 7(c)) are therefore unexhausted.  In addition, because such claims would be dismissed, if raised by Malley in another state application for  writ of habeas corpus, as an abuse of the writ, the claims are also procedurally barred from review herein.  *See Horsley*, 197 F.3d at 137.  Therefore, claims 7(b) and 7(c) are subject to dismissal as unexhausted and procedurally barred.

In addition, notwithstanding the exhaustion determination with respect to claims 5 and 6, a review of the record shows that three of the claims raised by Malley herein which were raised by Malley for the first time in his second state application for writ of habeas corpus (claims 1, 5 and 6) are also procedurally barred.  That is because Malley's second state application for writ of habeas corpus was dismissed as an abuse of the writ.

"Texas's abuse-of-the-writ doctrine has, since 1994, provided an adequate state ground for the purpose of imposing a procedural bar." *Barrientes v. Johnson*, 221 F.3d 741, 759 (5th Cir. 2000), *cert. dism'd*, 531 U.S. 1134 (2001).  Because the Texas Court of Criminal Appeals dismissed Malley's second state application for writ of habeas corpus as an abuse of the writ in 2004, long after the Texas Court of Criminal Appeals first announced that it would strictly and regularly apply the abuse of the writ doctrine, the Texas Court of Criminal Appeals' dismissal of Malley's second state application for writ of habeas corpus operates as a procedural bar to a review of the claims contained

9

therein.  *See Barrientes*, 221 F.3d at 758-761   *Emery v. Johnson*, 139 F.3d 191, 195-96 (5ᵗʰ Cir.

1997), *cert. denied*, 525 U.S. 969 (1998).  Thus, claims 1, 5 and 6, which were raised by Malley in

his second state application for writ of habeas corpus, which was dismissed as an abuse of the writ,

are procedurally barred from review herein.[2]

In addition, Malley's no evidence/insufficient evidence claim (claim 3), which was raised by

Malley in his first state application for writ of habeas corpus, is procedurally barred from review.  It

has long been the law in Texas that no evidence/insufficient evidence claims are not cognizable in a

state application for writ of  habeas corpus.  More recently, however, it has become clear that the

denial of a state application for writ of habeas corpus which contains a no evidence/insufficient

evidence claim is to be construed as a determination by the Texas Court of Criminal Appeals that such

sufficiency of the evidence claims are not cognizable in a state application for writ of habeas corpus.

The Texas Court of Criminal Appeals made this clear in *Ex Parte Grigsby*, 137 S.W.3d 673 (Tex.

Crim. App. 2004), when it wrote:

> . . . . In our writ jurisprudence, it is well-established that a challenge to the sufficiency
> of the evidence used to sustain a felony conviction is not cognizable on an application
> for a post-conviction writ of habeas.  As such, Applicant's first ground for relief is
> denied.  In denying Applicant's attack on the sufficiency of the evidence, we take this
> opportunity to clarify our disposition of habeas corpus applications where an applicant
> advances a challenge to the sufficiency of the evidence and we deny the application
> without written order.  In *Ex Parte Torres*, addressing whether the applicant's
> subsequent petitions were barred under Article 11.07, Section 4, of the Texas Code
> Criminal Procedure, we determined that "a 'denial' signifies that we addressed and
> rejected the merits of a particular claim while a 'dismissal' means that we declined to
> consider the claims for reasons unrelated to the claim's merits."  However, we also
> held that "[a] disposition is related to the merits if it decides the merits *or makes a*

---

[2] Malley has not established cause and prejudice for his failure include all of his claims in his
first state application for writ of habeas corpus.  In addition, upon this record, where Malley pled
guilty to the DWI offense, there is no reasonable likelihood that Malley will suffer a miscarriage of
justice if his procedurally barred claims are not considered on the merits.

> *determination that the merits of the applicant's claims can never be decided."* A challenge to the sufficiency of the evidence presents one of those instances where we can never consider the merits of the applicant's claim. Therefore, today, we affirm our holding that where an applicant challenges the sufficiency of the evidence on an application for a writ of habeas corpus, and we subsequently dispose of the application by entering a denial without written order, the applicant's sufficiency claim was denied because the claim is not cognizable.

*Grigsby*, 137 S.W.3d at 674 (emphasis in original).

In this case, given the Texas Court of Criminal Appeals' denial of Malley's first application for writ of habeas corpus, a denial which is construed as a determination that Malley's sufficiency of the evidence claim was not cognizable, *Grigsby*, 137 S.W.3d at 674, the Texas court's rejection of the sufficiency of the evidence claim rests on an adequate an independent procedural ground and is, consequently, procedurally barred from review herein. *See e.g. Caldwell v. Dretke*, 2005 WL 1962599 (S.D. Tex. 2005); *Moore v. Dretke*, 2005 WL 1773615 (S.D. Tex. 2005); *Havens v. Dretke*, 2005 WL 1150169 (N.D. Tex. 2005).[3]

For the reasons set forth above, claims 1, 3, 5, 6, 7(b) and 7(c) are procedurally barred from review in this § 2254 proceeding.

## C.    Merits Review under § 2254(d)

As for Malley's remaining claims, each of which was adjudicated by the Texas Court of Criminal Appeals when it denied Malley's first state application for writ of habeas corpus, *see Ex Parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (denial of a state application for writ of habeas corpus denotes that Texas Court of Criminal Appeals addressed and rejected the merits of an applicant's claims), none entitles Malley to any relief under § 2254(d).

---

[3] There is no allegation or argument sufficient to establish the cause and prejudice necessary to overcome the procedural bar, and no showing that a miscarriage of justice will result if the claim is not considered on the merits.

### 1.      Trial Court Jurisdiction (claim 2)

Malley asserts in claim two that the trial court did not have jurisdiction over the felony driving while intoxicated (DWI) offense with which he was charged because one of the prior DWI convictions alleged in the indictment was statutorily too remote to be used to make the otherwise misdemeanor DWI offense a felony.  Although Malley couches his claim in terms of the trial court's jurisdiction, the essence of Malley's claim is that the DWI offense was improperly enhanced to a felony.

Claims based solely on state law are not cognizable in a § 2254 proceeding.  "A state prisoner seeking federal review of his conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right." *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994).  Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir.), *cert. denied*, 510 U.S. 1025 (1993).

Whether an offense has been properly enhanced is generally a matter of state law. *See Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982); *Donald v. Jones*, 445 F.2d 601, 606 (5th Cir. 1971); *Ware v. Dretke*, 2005 WL 701035 *2 (N.D. Tex. 2005).  In addition, issues related to a state trial court's jurisdiction are generally matters of state law. *McKay v. Collins*, 12 F.3d 66, 69 (5th Cir.), *cert. denied*, 513 U.S. 854 (1994); *Rose v. Johnson*, 141 F.Supp.2d 661, 694 (S.D. Tex. 2001). Here, the propriety of the enhancements are governed by sections 12.42(d) and 49.09(e) of the Texas Penal Code.  Because Malley has not shown that the enhancement of his offense to a felony, or the

enhancement of his sentence as a habitual offender, implicate any federal constitutional guarantee, no relief is available to Malley on this claim.[4]

Even assuming that Malley could identify and articulate a federal constitutional claim relative to the alleged improper enhancements, no relief would be available to Malley because the enhancements were proper.  Under section 49.09 of the Texas Penal Code, what would otherwise be a misdemeanor driving while intoxicated offense may be enhanced to a felony offense if the defendant has two prior convictions for an offense relating to the operation of a motor vehicle while intoxicated, and one of the prior convictions is within ten years of the current offense.  TEX. PENAL CODE § 49.09(b), (e); *Weaver v. State*, 87 S.W.3d 557, 561 (Tex. Crim. App. 2002) ("a prior intoxication-related conviction may not be used as an element of the offense of felony DWI if that prior offense was committed more than ten years before the instant offense, *unless* there is an intervening intoxication-related conviction") (emphasis added), *cert. denied*, 538 U.S. 911 (2003); *see also Getts v. State*, 155 S.W.3d 153, 156-57 (Tex. Crim. App. 2005) (a prior intoxication offense is not available for enhancement under Section 49.09 of the Texas Penal Code if three conditions are met: (1) the first prior conviction is final; (2) the present DWI offense was committed more than ten years after the first prior conviction; and (3) the defendant "was not convicted of another alcohol-related offense within 10 years of" the first prior conviction.").  In addition, under section 12.42(d) of the Texas Penal Code, a defendant may be charged as a habitual offender if he is charged with a felony and has two prior felony convictions.

---

[4] To the extent Malley is attempting to challenge the sufficiency of the indictment for purposes of investing the trial court with jurisdiction, such a claim, given that the Texas Court of Criminal Appeals denied Malley's state application for writ of habeas corpus, is not cognizable in this § 2254 proceeding.  *See Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993); *Alexander v. McCotter,* 775 F.2d 595, 598-599 (5th Cir. 1985).

Here, Malley was charged in Cause No. 888765 with having committed the offense of driving while intoxicated on September 21, 2001.   Malley had two prior driving while intoxicated convictions, one from December 11, 1991, and the other from October 12, 1990.   While Malley argues that the October 1990 conviction was too remote for purposes of its use as an enhancement under section 49.09 of the Texas Penal Code, given that Malley also had a December 1991, intoxication related offense, a conviction which was committed within ten years of the offense for which Malley was charged, and given that the December 1991 conviction was within ten years of the October 1990 conviction, both the October 1990 conviction and the December 1991 conviction were available for purposes of enhancing Malley's offense to a felony under § 49.09 of the Texas Penal Code.   Similarly, given that Malley had two prior felony convictions, one for felony murder and the other for felon in possession of a firearm, Malley was properly charged with and convicted as a habitual offender.   Therefore, upon this record, and Malley's plea of true to the prior convictions and enhancements, Malley was properly charged with and convicted of felony driving while intoxicated, and was sentenced within the statutory framework as a habitual offender.   Thus, the Texas Court of Criminal Appeals' adjudication of this claim was proper under § 2254(d).

### 2.      Breach of Plea Agreement/Involuntary Guilty Plea (claim 4)

In claim four, Malley complains that the State breached the plea agreement it  reached with him which was to have allowed him to appeal the trial court's denial of his pretrial motion to quash the indictment.   According to Malley, because the Court of Appeals dismissed his appeal for lack of jurisdiction, he did not derive the benefit of the allowance of an appeal that he was promised by the State in exchange for his guilty plea.   His guilty plea, he contends, was therefore both unknowing and involuntary.

14

"[G]uilty pleas are valid if both 'voluntary' and 'intelligent,'" *Brady v. United States*, 397 U.S. 742, 747 (1970), meaning that "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 30 (1970). A guilty plea is considered "voluntary" if it is made by a defendant who is "'fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel'" and who has not been "induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady*, 397 U.S. at 755 (quoting *Shelton v. United States*, 246 F.2d 571, 572 n.2 (5th Cir. 1957)). A guilty plea is considered to have been "intelligently" made if the defendant is "advised by competent counsel", "made aware of the nature of the charge against him", and is competent and in control of his mental faculties at the time the plea is entered. *Id.* at 756.[5]

---

[5] In *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir.), *cert. denied*, 531 U.S. 830 (2000), the Fifth Circuit integrated, from Supreme Court precedent, the "voluntary" and "intelligent" requirements, as follows:

> Although the Court's opinions have often used both "voluntary" and "intelligent" to describe various characteristics of constitutionally valid guilty pleas, several conditions appear necessary. The defendant pleading guilty must be competent, and must have notice of the nature of the charges against him. The plea must be entered "voluntarily," i.e., not be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant" or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel. The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. Finally, the defendant must have available the advice of competent counsel. The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made.

Here, the Texas Court of Criminal Appeals rejected Malley's claim that the State breached the plea agreement and that Malley's guilty plea was therefore unknowing and involuntary.  That determination, upon this record, is not contrary to or an unreasonable application of clearly established federal law, nor is it based on an unreasonable determination of the facts in light of the evidence.  The record shows that Malley signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," in which he stipulated to the charge against him, pled true to the enhancements, agreed to the recommended twenty-five year sentence in the Texas Department of Criminal Justice, and waived his right to appeal.  *Ex Parte Malley*, Application No. 14,150-08 at 80-81.  In that "Waiver" form, Malley's counsel expressed his belief that Malley had executed the document knowingly and voluntarily after having "fully discussed it and its consequences with him," and that Malley was "competent to stand trial".  *Id.* at 81.  The state trial court accepted Malley's Waiver and guilty plea, finding that  Malley "entered it knowingly and voluntarily after discussing the case with his attorney."  The trial court also stated that "[i]t appears that the defendant is mentally competent and the plea is free and voluntary," and that "the defendant's attorney is competent and has effectively represented the defendant in this case."  *Id.*

Similarly, in the written admonishments Malley initialed and signed, Malley indicated that: (1) he understood he was bring charged with a felony; (2) he understood he was being charged  as a habitual offender; (3) he was mentally competent and understood the nature of the charges against him; (4) he fully understood the court's admonishments; (5) he understood the consequences of his guilty plea; (6)  he had freely, knowingly and voluntarily read and signed the admonishments; (7) both the admonishments and "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial

_____

(citations omitted).

Confession," were read to and explained to him by his attorney; (8) his plea was freely and voluntarily made; and (9) he committed each and every element of every offense alleged in the indictment. *Id.* at 82-86.

Upon this record, which reflects that Malley was fully advised of the charges against him, was fully advised of the consequences of his guilty plea, agreed to the recommended twenty-five year sentence he ultimately received, and entered a knowing and voluntary plea, the Texas Court of Criminal Appeals' rejection of Malley's claim that his guilty plea was unknowing and involuntary is not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court and is not based on a unreasonable determination of the facts in light of the evidence.

In addition, to the extent Malley claims that the State breached the plea agreement which was to have allowed Malley to appeal, such a claim is not supported by any evidence that the plea agreement contained such a provision. Moreover, there is nothing in the record to show that the State did anything to foreclose or prevent Malley from appealing. Thus, the Texas Court of Criminal Appeals' rejection of Malley's claim that the State breached the plea agreement is also not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court and is not based on a unreasonable determination of the facts in light of the evidence. Under § 2254(d), no relief is available on this claim.

### 3.   Ineffective Assistance of Trial Counsel (claim 7(a) and 7(d))

In the exhausted portions of claim seven (claim 7(a) and 7(d)), Malley alleges that counsel was ineffective for failing to file a proper and timely notice of appeal, and for misrepresenting the nature and effect of the guilty plea admonishments.

Claims of ineffective assistance of trial counsel are generally measured by the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To be entitled to relief on an ineffective assistance of counsel claim, a petitioner must be able to show that his counsel was deficient and that the deficiency prejudiced him to the extent that a fair trial could not be had. *Id*. at 687. Deficiency is judged by an objective reasonableness standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable. *Id*. at 687-689. The prejudice element requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A petitioner has the burden to prove both the deficiency and the prejudice prongs in order to be entitled to relief. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

Under *Strickland*, judicial scrutiny of counsel's performance is highly deferential and a strong presumption is made that "trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*), *cert. denied*, 509 U.S. 921 (1993). In order to overcome the presumption of competency, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. Under the prejudice prong of *Strickland*, a petitioner must be able to establish that absent his counsel's deficient performance the result of his trial would have been different, "and that counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable." *Chavez*, 193 F.3d at 378. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

18

Constitutionally effective assistance of counsel under *Strickland* is not errorless counsel. The determination whether counsel has rendered reasonably effective assistance turns on the totality of facts in the entire record. Each case is judged in the light of the number, nature, and seriousness of the charges against a defendant, the strength of the case against him, and the strength and complexity of his possible defense. *Baldwin v. Maggio*, 704 F.2d 1325, 1329 (5th Cir. 1983), *cert. denied*, 467 U.S. 1220 (1984). The reasonableness of the challenged conduct is determined by viewing the circumstances at the time of that conduct. *Strickland*, 466 U.S. at 690-691. Counsel will not be judged ineffective only by hindsight. "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 124 S.Ct. 1, 6 (2003).

The Texas Court of Criminal Appeals rejected Malley's ineffectiveness claims on the merits when it denied Malley's state application for writ of habeas corpus. That rejection was not contrary to or an unreasonable application of *Strickland*, and was not based on an unreasonable determination of the facts in light of the evidence presented. Malley's allegation that W. Stacy Mooring was ineffective for misrepresenting the guilty plea admonishments, and leading him to believe that he retained the right to appeal the pretrial jurisdictional issues that were rejected by the trial court, is an allegation that is not supported by the record. As set forth above, Malley signed the "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," as well as lengthy written admonishments. He represented in both documents that he had read and discussed the contents of the two documents with his attorney. In addition, in the state habeas proceeding, Mr. Mooring filed an affidavit in which he averred: "After extensive communications with Mr. Malley, numerous collect phone calls from the Harris County Jail, and numerous meetings, and an exhaustive analysis of the

plea bargain, Mr. Malley understood the appellate consequences of his plea and entered that plea knowing[ly], voluntarily and intelligently." *See Ex Parte Malley*, Application No. 14,150-08 at 72. Based on the contents of that affidavit, as well as the contents of Malley's "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," and the written admonishments that Malley signed, no relief is available under § 2254(d) on Malley's claim that his counsel was ineffective for misrepresenting the admonishments.

As for Malley's claim that Mooring was ineffective for failing to file a proper notice of appeal, while the record does show that Malley's appeal was dismissed for lack of jurisdiction because a proper notice of appeal had not been filed, that fact, standing alone, does not establish that counsel was ineffective.   As set forth above, Malley waived his right to appeal in the "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," he signed.   *See Ex Parte Malley*, Application No. 14,150-08 at 81 ("Further, I waive any right to appeal which I may have should the court accept the foregoing plea agreement between myself and the prosecutor.").   In addition, the issues related to the enhancement paragraphs in the indictment that Malley wanted to raise on appeal were not meritorious and would not, for the reasons set forth above, *see infra* pp. 13-14, have led to a new trial.   Therefore, the Texas Court of Criminal Appeals' rejection of this ineffectiveness allegation was also not contrary to or an unreasonable application of *Strickland*, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings, and under § 2254(d), no relief is available to Malley on his ineffective assistance of trial counsel claims.

### 4.    Ineffective Assistance of Appellate Counsel (claim 8)

In his final claim, Malley alleges that his appellate counsel was ineffective for failing to file a motion for new trial and failing to file a proper and timely amended notice of appeal.

Claims of ineffective assistance of appellate counsel are generally assessed under the same two part *Strickland* deficiency and prejudice standard as claims of ineffective assistance of trial counsel. *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir.), *cert. denied*, 512 U.S. 1289 (1994).  With respect to *Strickland's* deficiency prong, "[o]n appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *see also Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir.) ("The Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal."), *cert. denied*, 493 U.S. 970 (1989).  Rather, "[a]ppellate counsel is obligated to only raise and brief those issues that are believed to have the best chance of success." *Rose*, 141 F.Supp.2d at 704-705.  "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1985) (cited with approval in *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).  As for *Strickland's* prejudice prong, "[p]rejudice results if the attorney's deficient performance would likely render either the defendant's trial fundamentally unfair or the conviction and sentence unreliable." *United States v. Dovalina*, 262 F.3d 472, 474 (5th Cir. 2001).

Here, the record shows that Clyde Williams was appointed as appellate counsel for Malley on February 27, 2002.  The record also shows that Williams filed an Amended Notice of Appeal, which complied with the requirements of TEX. R. APP. P. 25.2(b)(3), on May 14, 2002.  That

21

Amended Notice of Appeal was filed two days before the Texas Court of Appeals dismissed Malley's

appeal for lack of jurisdiction.  Malley's Motion for Rehearing was thereafter denied on July 3, 2002.

In dismissing Malley's appeal for lack of jurisdiction, the First Court of Appeals wrote:

> [Malley] filed a general notice of appeal that did not comply with the requirements of Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure in that it did not state that the appeal was for a jurisdictional defect, that the substance of the appeal was raised by written motion and ruled on before trial, or that the trial court granted permission to appeal.  See Tex. R. App. P. 25.2(b)(3).  [Malley] may not now file an amended notice of appeal to correct jurisdictional defects.  *State v. Riewe*, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000).

> The Court of Criminal Appeals held that an appellate court is without jurisdiction in felony cases such as the present one in which: (1) the defendant entered a plea of guilty or no contest based on a plea agreement; (2) the trial court followed the agreement in assessing punishment; and (3) a general notice of appeal was filed.  *See White v. State*, 61 S.W.3d 424, 429 (Tex. Crim. App. 2001); *Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001).

> We also note that [Malley] waived his right to appeal if the trial court followed the plea bargain agreement.  *See Buck v. State*, 45 S.W.3d 275, 278 (Tex. App.–Houston [1ˢᵗ Dist.] 2001, no pet.).

> Accordingly, we dismiss the appeal for lack of jurisdiction.

*Malley v. State*, No. 01-02-00263-CR at 2.  In rejecting the Motion for Rehearing, the Court of

Appeals further wrote:

> [Malley] filed a general notice of appeal from a plea-bargained felony in which the trial court followed the agreement at sentencing.  The notice of appeal did not confer jurisdiction on this Court.  *See White v. State*, 61 S.W.3d 424, 429 (Tex. Crim. App. 2001); TEX. R. APP. P. 25.2(b)(3).  [Malley] also waived his right to appeal.  *See Buck v. State*, 45 S.W.3d 275, 278 (Tex. App.–Houston [1ˢᵗ Dist.] 2001, no pet.).

> In the motion for rehearing, counsel argues that an amended notice of appeal filed 88 days after imposition of sentence conferred jurisdiction under the Texas Rules of Appellate Procedure.  No motion for new trial was filed; therefore, a notice of appeal conferring appellate jurisdiction was due no later than 30 days after sentencing.  *See* TEX. R. APP. P. 26.2(a).  The Court of Criminal Appeals held that Rule 25.2(d), "Amended the Notice," may not be used to confer jurisdiction that did not otherwise

exist.  *State v. Riewe*, 13 S.W.3d 408, 413-14 (Tex. Crim. App. 2000); *Rauscher v. State*, No. 01-01-01134-CR, slip op.  at 4-5 (Tex. App.– Houston [1st Dist.] Apr. 25, 2002, no pet. filed) (opin. on reh'g) (designated for publication).  Accordingly, [Malley's] amended notice of appeal that complied with the extra-notice requirements of Rule 25.2(b)(3) was not timely filed.

[Malley] also argues that "there was no personal waiver of appeal" in this case.  However, [Malley] signed under oath a document entitled "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" that included the waiver of his right to appeal if the trial court accepted the plea bargain agreement. [Malley's] trial counsel also signed the same document beneath these words: "I represent the defendant in this case and I believe that this document was executed by him knowingly and voluntarily and after I fully discussed it and its consequences with him."

The motion for rehearing is denied.

*Malley v. State*, No. 01-02-00263-CR Order on Motion for Rehearing (July 3, 2002).

The Texas Court of Appeals' rulings make it clear that Williams was not ineffective in connection with Malley's appeal.  At the time Williams was appointed as Malley's appellate counsel, the defective notice of appeal had already been filed, and could not thereafter be amended to "confer jurisdiction that did not otherwise exist."  In addition, given Malley's waiver of his right to appeal, a waiver that was twice mentioned by the Court of Appeals, and the absence of any showing that Williams could have done anything to overcome Malley's waiver of his right to appeal, the Texas Court of Criminal Appeals' rejection of Malley's ineffective assistance of appellate counsel claims is not contrary to or an unreasonable application of *Strickland* and is not based on an unreasonable determination of the facts in light of the evidence.  Therefore, under § 2254(d), there is also no relief available on this claim.

23

## VI.    Conclusion and Order

Based on the foregoing, and the conclusion that Petitioner's claims are either procedurally barred or that § 2254(d) does not provide for any relief, the Court

ORDERS that Respondent's Motion for Summary Judgment (Document No. 20) is GRANTED, Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) is DENIED, and this § 2254 proceeding is DISMISSED WITH PREJUDICE.  It is further

ORDERED that Petitioner's Motion for Writ of Habeas Corpus Ad Testificandum (Document No. 28) is DENIED.  It is further

ORDERED that a Certificate of Appealability is DENIED.  A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.* at 484; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.), *cert. denied*, 122 S.Ct. 329 (2001).  When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

Given the claims raised herein as well, as the rejection of Petitioner's claims by the Texas Court of Criminal Appeals, the Court determines that reasonable jurists would find not find the assessment of Petitioner's constitutional claims to be debatable or wrong.  Therefore, Petitioner has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability will not issue.

Signed at Houston, Texas, this 24th day of August, 2005.


Frances H. Stacy
United States Magistrate Judge